## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __KHAN_____BILL_____O._____
     (Last)         (First)      (Initial)

Prisoner Number __D-48865_____

Institutional Address __P.O. BOX 689, SOLEDAD, CA 93960-0689__

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

BILL OLIVER KHAN,
(Enter the full name of plaintiff in this action.)

        vs.

BEN CURRY, WARDEN, CTF-SOLEDAD

_____

_____

_____
(Enter the full name of respondent(s) or jailor in this action.)

CV 08 2779

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

JW

E-filing

(PR)

### Read Comments Carefully Before Filling In

#### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SACRAMENTO SUPERIOR COURT    SACRAMENTO
Court                        Location

(b) Case number, if known __74080__

(c) Date and terms of sentence __1-22-85,  17 YEARS TO LIFE__

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes _X_    No _____

Where?

Name of Institution: CORRECTIONAL TRAINING FACILITY

Address: P.O. BOX 686, SOLEDAD, CA  93960-0686

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

PENAL CODE §187 SECOND DEGREE MURDER

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                       Yes __X__      No _____

    Preliminary Hearing:           Yes __X__      No _____

    Motion to Suppress:           Yes _____      No __X__

4. How did you plead?

    Guilty __X__    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) __N/A_____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes _____      No __X__

7. Did you have an attorney at the following proceedings?

| | | | |
|---|---|---|---|
| (a) | Arraignment | Yes __X__ | No _____ |
| (b) | Preliminary hearing | Yes __X__ | No _____ |
| (c) | Time of plea | Yes __X__ | No _____ |
| (d) | Trial | Yes _____ | No __X__ |
| (e) | Sentencing | Yes __X__ | No _____ |
| (f) | Appeal | Yes _____ | No __X__ |
| (g) | Other post-conviction proceeding | Yes _____ | No __X__ |

8. Did you appeal your conviction?    Yes _____      No __X__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes _____    No __X__

        Year: _____    Result:_____

        Supreme Court of California    Yes _____    No _____

        Year: _____    Result:_____

        Any other court          Yes _____    No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?                                    Yes _____    No__X__

(c)    Was there an opinion?                 Yes _____    No__X__

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                             Yes _____    No__X__

If you did, give the name of the court and the result:

N/A

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _X_    No__:__

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: SUPERIOR COURT OF CALIFORNIA

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

Case No. 07F11408

Grounds raised (Be brief but specific):

a. BOARD OF PAROLE HEARINGS VIOLATED PETITIONER'S DUE

b. PROCESS RIGHTS.

c. PETITIONER CONTENDS THERE IS NO EVIDENCE SUPPORTING

d. THE BOARD'S UNSUITABILITY FINDING.

Result: DENIED                Date of Result: JAN. 9, 2008

II.    Name of Court: COURT OF APPEAL OF THE STATE OF CALIFORNIA

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

Case No. C058119

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS            - 4 -

a. "NOTICE OF APPEAL"

b. PETITIONER'S DUE PROCESS RIGHTS VIOLATED

c. THERE WAS NO EVIDENCE TO SUPPORT BPH's UNSUITABILITY.

d. SUPERIOR COURT OF CALIFORNIA'S UNREASONABLE APPLICATION OF FEDERAL LAW.

Result: DENIED                    Date of Result: FEB. 21, 2008

III.    Name of Court: SUPREME COURT OF CALIFORNIA

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS
Case No. S161383

Grounds raised (Be brief but specific):

a. "PETITION FOR REVIEW"

b. PETITIONER'S DUE PROCESS RIGHTS VIOLATED

c. THERE WAS NO EVIDENCE TO SUPPORT BPH'S UNSUITABILITY.

d. SUPERIOR COURT OF CALIFORNIA'S UNREASONABLE APPLICATION OF FEDERAL LAW.

Result: DENIED                    Date of Result: APRIL 30, 2008

IV.    Name of Court: N/A

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No X

Name and location of court: N/A

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas

3  petition.  Subsequent petitions may be dismissed without review on the merits.

4  28 U.S.C. §§ 2244(b); McClesky v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.

5  Ed.2d 517 (1991).]

6      Claim One: THE BOARD OF PAROLE HEARINGS VIOLATED KHAN'S DUE

7      PROCESS RIGHTS WHEN THEY DENIED HIM PAROLE AT HIS FOURTH

8      PAROLE CONSIDERATION HEARING WITH NO CURRENT EVIDENCE THAT

9      HIS RELEASE UNREASONABLY ENDANGERS PUBLIC SAFETY.

10  Supporting facts: California State prisoner's have a liberty

11  interest in parole.  This interest arises as a result

12  of California Penal Code section 3041(b), which provides

13  that at a parole consideration hearing the Board "shall"

14  set a release date unless it determines that the current

15  convicted offense or offenses, or the timing and gravity

16  of the convicted offenses, is such that consideration

17  of the public safety requires a more lengthy period of

18  incarceration."  Cal. Penal Code §3041(b) (emphasis

19  added).

20      By denying Khan parole the Board deprived

21  him of a constitutionally-protected liberty interest.

22  The Ninth Circuit Court of Appeals have held "the U.S.

23  Supreme Court ha[s] clearly established that a parole

24  board's decision deprives a prisoner of due process

25  with respect to this interest if the board's decision

26  is not supported by 'some evidence in the record,' or

27  is 'otherwise arbitrary'.  "Irons v. Carey, 505 F.3d

28  846, at 851, 2007 WL2027359, at *3 (9th Cir. 2007)

Supporting facts: (cont'd) Claim One:

(qouting Hill, 472 U.S. at 457; Sass, 461 F.3d at 1128-29)). "When we assess whether a State parole board's suitability determination was supported by 'some evidence' in a habeas case, our analysis is framed by statutes and regulations governing parole suitability determinations in the relevant state."

Khan was initially sentenced to a term of 17 years to life in prison. Khan has been in prison for over 20 years. In Irons we noted that in all cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence.

Specifically, in Biggs, Sass, and here in Irons, the petitioners had not served the minimum number of years to which they had been sentenced at the time of the challenged parole denial by the Board. Irons, 505 F.3d at 853, 2007 WL 2027359, at *6. Therefore, we concluded *[30] that "[a]ll we held in those cases and all we hold today ... is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms." Id. Here, by contrast, Khan has long served more than his minimum 17 year term of imprisonment. Petitioner alleges that the Board's denial of parole

Khan v. Curry                    — 6a —

in this case was not supported by any evidence that his release would threaten public safety, and that the board's denial of his parole thus violated his due process rights.

California Penal Code section 3041(a) instructs the Board to "establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime."

The following factors tend to show unsuitability for parole: (1) the prisoner committed the offense in an especially heinous, atrocious, or cruel manner; (2) the prisoner has a previous record of violence; (3) the prisoner has an unstable social history; (4) the prisoner has committed sadistic sex offenses; (5) the prisoner has a history of mental or psychological problems; and (6) the prisoner has engaged in serious misconduct while in prison. Cal. Code Regs. tit. 15, §2402(c). Factors tending to show suitability for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has a stable social history; (3) the prisoner has shown signs of remorse; (4) the prisoner was motivated to commit the crime out of stress; (5) the prisoner suffered from Battered Womans Syndrome; (6) the prisoner lacks a significant criminal history; (7) the prisoner's age reduces the probability of recidivism; (8) the prisoner has realistic plans for release; and (9) the prisoner's

behavior in prison indicates an ability to function within the law upon relase. Id. §2402(d).

Even though these suitability and unsuitability factors are helpful in analyzing whether a prisoner should be granted parole, California courts have made clear that the "findings that are necessary to deem a prisoner unsuitable for parole," Irons, 505 F.3d at 851, 2007 WL 2927359, at *3, are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety. In re Dannenberg, 156 Cal.App.4th 1387, 2007 WL 3408290, at *9 (Cal. Ct.App.2007), modified, 2007 Cal.App. LEXIS 1985, 2007 WL 4227229 (Cal. Ct.App. Dec. 3, 2007). [*18] In re Lee, 143 Cal.App.4th 1400, 1408, 49 Cal. Rptr.3d 931 (Cal. Ct.App.2006); In re Scott, 133 Cal.App.4th 573, 595, 34 Cal. Rptr.3d 905 (Cal. Ct.App. 2005); see Cal. Penal Code §3041(b) (providing that the Board "shall set a release date unless ... consideration of the public safety requires a more lengthy period of incarceration for this individual"). For our purposes, then, "[t]he test is not whether some evidence indicates a parolee's release unreasonably endangers public safety. Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety." Lee, 143 Cal.App.4th at 1408(citations omitted); see also In re Elkins, 144 Cal.App. 4th 475, 499, 50 Cal.Rptr.3d

Khan v. Curry

– 6c –

503 (Cal.Ct.App. 2006) (holding that the "governor as well as the board, in reviewing a suitability determination must remain focused ... on facts indicating that release currently poses 'an unreasonable risk of danger to society'" (citing Cal. Code Regs. tit .15, §2402(a))); Scott, 133 Cal. App.4th at 591 ("The factor statutorily required to be considered, and the overarching consideration, is public [*19] safety.'" (citing Cal. Penal Code §3041(b))).

Khan's commitment offense, which occurred over 20 years ago, cannot demonstrate that Khan's release will pose an imminent danger to public safety. See Rosenkrantz v. Marshall, 444 F.Supp. 2d 1063, 1084 (C.D. Cal. 2006) ("While relying upon petitioner's crime as an indicator of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such unchanging circumstances--after nearly two decades of incarceration and half a dozen parole suitability hearings--violates due process because petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the 'some evidence' standard. After nearly twenty years of rehabilitation, the ability to predict a prisoner's future dangerousness based simply on the circumstances of his or her crime is nil." Scott, 133 Cal.App.4th at 595 ("[T]he predictive value of the commitment offense may be very questionable after a long period of time.")

- 6d -

Khan v. Curry

1    On June 4, 2007, Bill Khan's fourth Subsequent

2    Parole Consideration hearing was held at Correctional

3    Training Facility, Soledad, California. Parole was denied

4    two years and the decision became final on <u>October 2, 2007</u>.

5    Upon elimination of the Board of Parole Hearings Appeals

6    Process, the only remedy available for relief is by writ

7    of habeas corpus. Petitioner has exhauted all available

8    remedies of the grounds cited in the California Courts,

9    and seeks habeas relief in the United States Federal

10   Federal District Court.

11   The June 4, 2007 hearing decision was read into

12   the record of the June 4, 2007, subsequent parole

13   parole consideration hearing transcripts (hereinafter "H.T.")

14   page 41. The Board's denial of parole violated petitioner's

15   due process rights because it was based on findings

16   supported by no evidence, and based on grounds supported

17   solely on the unchanging facts of his commitment offense,

18   and/or based on grounds inherent in the elements and

19   definitions of the commitment offense. There is no evidence

20   of any threat to public safety.

21   As our California Supreme Court has summarized

22   it, "the judicial branch is authorized to review the factual

23   basis of a decision of the Board denying parole in order

24   to ensure that the decision comports with the requirements

25   of due process of law, but ... in conducting such a review,

26   the court may inquire only whether "<u>some evidence</u>" in the

27   record before the Board supports the decision to deny parole,

28   based upon the factors specified by the statute and

– 6e –

Khan v. Curry

regulation. If the decision's consideration of the specified factors is not supported by some evidence in the record and thus is devoid of a factual basis, the court should grant the petitioner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law."

Claim Two: THE SUPERIOR COURT OF SACRAMENTO UNREASONABLY APPLIED THE "SOME EVIDENCE" STANDARD TO PETITIONER WHEN IT CONCLUDED THAT THE BOARD'S DENIAL WAS JUSTIFIED, VIOLATED HIS FEDERALLY PROTECTED DUE PROCESS RIGHT TO PAROLE

Supporting facts: The circumstances of petitioner's crime do not amount to "some evidence" supporting the conclusion that petitioner poses an unreasonable risk of danger if released. As discussed in the parole context, the requirements of due process are met if some evidence supports the decision." Biggs, 334 F.3d at 915. "Some evidence," however, does not mean literally "any" evidence. If it did, the protection afforded by due process would be meaningless. The evidence underlying the decision must possess some indicia of reliability. Biggs, 334 F.3d at 914 (internal quotations omitted); Caswell, 363 F.3d at 839; See Hill, 472 U.S. at 455-4556. Evidence that lacks any probative value cannot constitute "some evidence". See Cato, 924 F.2d at 705 (holding that a hearsay statement attributed to an inmate whose polygraph examination yielded inconclusive results was "not enough evidence to meet the

- 6f -

Khan v. Curry

1  Hill, standard.") Otherwise, the requirement of 'some

2  evidence" could be satisfied by baseless speculation,

3  superstition, or stereotyping. That, too, reduce the

4  requirement of "some evidence" to a sham or a mockery.

5        As it was required to do, the BPH considered

6  whether petitioner was suitable for parole – that is,

7  whether he presented an unreasonable risk of danger to

8  society if released. See Cal. Penal Code §3041(b); 15

9  Cal. Code Regs., §2402. It decided that petitioner posed

10 an unreasonable risk of danger (and, therefore, was

11 unsuitable for parole) because the offense was carried

12 out in an especially cruel and callous manner. While

13 relying upon the nature of petitioner's crime as an

14 indicator of his dangerousness may be reasonable for some

15 period of time, in this case continued reliance on such

16 unchanging circumstances – over two decades of incarceration

17 and four parole suitability hearings – violated due process

18 because petitioner's commitment offense has become such

19 an unreliable predictor of his present and future

20 dangerousness that does not satisfy the "some evidence"

21 standard. After twenty years of rehabilitation, the ability

22 to predict a prisoner's future dangerousness based simply

23 on the circumstances of his crime is nil. See Irons. 358

24 F.Supp.2d at 947 n. 2 ("To a point, it is true the

25 circumstances of the crime and motivation for it may

26 indicate a petitioner's instability, cruelty, impulsiveness,

27 violent tendencies and the like. However, after fifteen

28 or so years in the caldron of prison life, not exactly

- 6g -

Khan v. Curry

an ideal therapeutic environment to say the least, and after repeated demonstrations that despite the recognized hardships of prison, this prisoner does not possess those attributes, the predictive ability of the circumstances of the crime is near zero.") Even California courts have said as much. Scott, 133 Cal.App.4th at 595 ("The commitment offense can negate suitability only if circumstances of the crime reliably established by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if released from prison. Yet, the predictive value of the commitment offense may be very questionable after a long period of time.").

The June 2007, Psychological Evaluation by Doctor S. Thacker, Ph.D. CA License #PSY-16323, Forensic Psychologist/Forensic Assessment Servises Unit, and Dr. Jasmine A. Tehrani, Ph.D. CA Psychologist, License #PSY-18932, Senior Psychologist, Supervisor, placed the prisoner's violence potential in the free community as "the prisoner presents a **low risk** of future violence." (See "H.T." p. 44).

Khan's Commitment offense, which occurred over twenty two years ago, cannot demonstrate that Khan's release will pose an imminent danger to public safety. See Rosenkrantz v. Marshall, 444 F.Supp.2d 1063, 1084 (C.D. Cal. 2006) ("While relying upon petitioner's crime as an indicator of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such

- 6h -

Khan v. Curry

unchanging circumstances–after two decades of incarceration and four parole suitability hearings–violates due process because petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the 'some evidence' standard. After twenty two years of rehabilitation, the ability to predict a prisoner's future dangerousness based simply on the circumstances of his or her crime is nil."); Scott, 133 Cal.App.4th at 595 ("[T]he predictive value of the commitment offense may be very questionable after a long period of time.").

The Board violated Khan's due process rights by relying on unchanging factors that do not constitute evidence of Khan's present threat to society if released and by relying on factors without any evidentiary support in the record. For the same reasons, the Sacramento Superior Court unreasonably applied the "some evidence" standard to Khan's petition. To meet the "some evidence" standard, the superior court only cited the Board's findings regarding the unchanging factors of the commitment offense, the motive, and Khan's past history. See Superior Court of California County of Sacramento, Petition for Writ of Habeas Corpus-ORDER Case No. 07F11408. The Psychological Reports addressed Khan's threat to public safety as a low risk if released from prison. See "H.T." page 44).

The Ninth Circuit decisions that address due process concerns of continued reliance upon unchanging factors was not followed by the California Superior Court of

Sacramento County. Under Biggs and Hayward, these findings do not constitute "some evidence" that Khan poses an unreasonable threat to public safety. The Superior Court's conclusion that the reports provided some evidence to support the Board's determination that Khan was not suitable for parole was an unreasonable application of the "some evidence" standard articulated in Hill.

Last, but by no means incidentally, the Board failed to consider Khan's age at the time he committed the crime. In Elkins, supra, 144 Cal.App.4th 475, we agreed with the observations of the federal district court in Rosenkrantz v. Marshall, (C.D. Cal. 2006) 444 F.Supp.2d 1063 that "the general unreliability of predicting violence is exacerbated in [a] case by ...petitioner's young age at the time of the offense [and] the passage [in that case] of nearly twenty years since that offense was committed ...'" (Elkins, supra, at p. 500.) There, granting the petition for habeas corpus, the district talked of Rosenkrantz's age, one month past 18. (Rosenkrantz v. Marshall, supra, 444 F.Supp.2d at p. 1085.) THis fact, the district court noted, "further diminished" the "reliability of the facts of [Rosenkrantz's] crime as a predictor for his dangerousness." (ibid.) Stating that "[w]hile [Rosenkrantz] was not legally a minor, he was very close to being one," the district court confirmed the recognition by the United States Supreme Court that the "evidentiary/predictive value of the conduct of such a young person is diminished." (ibid.) Then, after making the

Khan v. Curry

- 6j -

1   statement quoted by us in _Elkins_, the district court went

2   on to quote various observations of the Supreme Court about

3   young criminals: "Their own vulnerability and comparative

4   lack of control over their immediate surroundings mean that

5   juveniles have a greater claim than adults to be foregiven

6   for failing to escape negative influences in their whole

7   environment. (See _Stanford v. Kentucky_, (1989) 492 U.S.

8   361, 395.) (Brennen, J., dissenting). The reality that

9   juveniles still struggle to define their identity means

10  it is less supportable to conclude that even a heinous crime

11  committed by a juvenile is evidence of irretrievably

12  deparved character. From a moral standpoint it would be

13  misguided to equate the failings of a minor with those of

14  an adult, for a greater possibility exist that a minor's

15  character deficiencies will be reformed. Indeed, '[t]he

16  relevance of youth as a mitigating factor derives from the

17  fact that the signature qualities of youth are transient;

18  as individuals mature, the impetuousness and recklessness

19  that may dominate in younger years can subside.' (_Johnson

20  v. Texas_, (1993) 509 U.S. 350, 368]; _Roper v. Simmons_, (2005)

21  543 U.S. 815, 835 (Steven, J.) (plurality opinion) ('[L]ess

22  culpability should attach to a crime committed by a juvenile

23  than to a comparable crime committed by an adult....

24  Inexperience, less intelligence and less education make

25  a teenager less able to evaluate the consequences of his

26  or her conduct while at the same time he or she is more

27  apt to be motivated by mere emotion of peer pressure than

28  asan adult.') (_Rosenkrantz v. Marshall_, _supra_, 444 F.Supp.2d

- 6k -

Khan v. Curry

at p. 1085, fn omitted.)

These observations are a fortiori applicable to the 17 year-old Khan, who committed the crime here.

In sum and in short, the record contains no evidence Khan poses an unreasonable risk to public safety even under the differential "some evidence" standard.

Accordingly, the denial of parole violated Khan's due process rights and the petition for writ of habeas corpus should be GRANTED.

Date: 5-27-08

Bill Khan

Bill Khan

Petitioner In Pro Se

//
//
//
//
//

Khan v. Curry

– 6L –

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Hayward v. MarshaLL, 512 F.3d 536, 541 (9th Cir. 2008)

In re Ronald Singler, (2008 Cal.App. LEXIS 408) No. C054634

Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007)

Do you have an attorney for this petition?          Yes_____    No_X_

If you do, give the name and address of your attorney:

N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  5-27-08                          Bill Xson

        Date                              Signature of Petitioner

Additional Cases:

McQuillon v. Duncan, 306 F.3d at 895, 900 (9th Cir.2002)

Biggs v. Terhune, 334 F.3d 910, 914 ((th Cir. 2003)

Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006).
Rosenkrantz v. Marshall, 444 F.Supp. 2d 1063, 1084 (C.D. Cal. 2006)
Martin v. Marshall, 431 F.Supp.2d 1038, 1046, (N.D. Cal.2006)

In re Elkins, (2006) 144 Cal.App.4th 475, 496-498 [50 Cal.Rptr. 3d 503]
In re Lee, (2006) 143 Cal.App.4th 1400, 1408 [49 Cal.Rptr.3d 931]
In re Scott, (2005) 133 Cal.App.4th 573, 594-595 [34 Cal.Rptr. 3d 905].
Superintendent v. Hill, 472 U.S. 445, 105 S.Ct. 2786, 86 L.Ed 2d 356 (1985).

PET. FOR WRIT OF HAB. CORPUS          - 7 -

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  Bill Khan v. Ben Curry, Warden

No.:

I declare:

I am 18 years of age or older and a party of interest to this matter.  I am familiar with the collection and processing of correspondence of mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system here at CTF-Soledad is deposited with the United States Postal Service that next day in the ordinary course of business.

On May 27, 2008,  I served the attached

## PETITION FOR WRIT OF HABEAS CORPUS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at CTF-Soledad California 93960-0689, addressed as follows:

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 27, 2008, at CTF-Soledad, California.


    Bill Khan                                     _Bill Khan_

    Declarant                                    Signature

E X H I B I T

" H E A R I N G   T R A N S C R I P T S "

D E C I S I O N

J U N E   4 ,   2 0 0 7

41

1      **CALIFORNIA BOARD OF PAROLE HEARINGS**

2             **D E C I S I O N**

3          **DEPUTY COMMISSIONER SHIELDS:**  Okay, back on

4      record.

5          **PRESIDING COMMISSIONER GARNER:**  Okay, it is

6      approximately 2:57 p.m. in the matter of Bill Khan D,

7      David, 48865.  Mr. Khan, the Panel has reviewed all the

8      information received from the public and relied on the

9      following circumstances in concluding that you are not

10     yet suitable for parole and would pose an unreasonable

11     risk of danger to society or threat to public safety if

12     released from prison.  We're going to deny you today

13     and what we want you to do is certainly look at the

14     transcripts, because we're going to be making some

15     suggestions principally around the areas of this

16     Panel's concerns and the level of competence that has

17     to be present before we can grant a date.  That being

18     said, the Panel did note that the offense was carried

19     in an especially cruel and callous manner.  The victim

20     in this case was Michael Parks, a 29 year-old transient

21     who was shot and killed on Christmas Eve, December 24,

22     1984 in a levee in Sacramento.  The Panel noted the

23     offense was carried out in a very dispassionate manner

24     and that there had been indications of a discussion

25     **BILL KHAN   D-48865  DECISION PAGE 1    6/4/2007**

1  about killing someone.  The victim on the levee walked

2  past, and as he was proceeding away from you he was

3  first shot by a co-defendant, and then the second shot

4  was fired by you when he was on the ground.  The Panel

5  noticed the offense was carried out in a manner that

6  demonstrates an exceptionally callous disregard for

7  human suffering.  And again, the victim was shot in the

8  head while on the ground and there is some indication

9  in the record that the victim may have been alive and

10  breathing at the time that this occurred.  And again

11  the weapon that was used in this particular was a .22

12  caliber rifle.  The motive for this, it's inexplicable,

13  certainly there is nothing to be gained.  Normally we

14  would have some economic gain, some anger, some rage,

15  but in this particular case, it's the Panel's decision

16  it's inexplicable.  These conclusions were drawn from

17  the report that was prepared for the board calendar of

18  November of 2005.  It's been previously read into the

19  record in detail and at this point will be adopted by

20  reference.  As far as your previous record, the Panel

21  took note of the fact that you had no juvenile record

22  and of course as a juvenile when this offense was

23  committed, there would have been no opportunity for an

24  adult record.  We noted that you did have a history of

25  **BILL KHAN   D-48865   DECISION PAGE 2   6/4/2007**

1   instability, and this was associated with the poor

2   family history.  The Panel is certainly not assigning

3   any fault on your part because of that, but it was

4   definitely a significant factor in your life.  It's

5   also certainly noted that you have not experienced any

6   life experiences as an adult outside the prison walls.

7   Institutional behavior, the Panel's noted that you

8   haven't sufficiently participated in beneficial self-

9   help as a result of your use of substances prior to and

10  also during the commission of this offense.  The

11  record's going to require that there be a long

12  sustained participation in some kind of documented

13  self-help program.  That's not just for us, but that

14  will be for anyone who reviews a grant in the future,

15  because absent that, it's a red flag and reviewing

16  authorities will certainly pick up on that.  The

17  misconduct while incarcerated includes the eight 128(a)

18  counseling chronos, the last being June 17 of 2001, and

19  that was with struggling with your wife during a

20  visiting.  On September 21, 1993, which was described -

21  - excuse me, that was June 17 of 2001.  The 115s, five

22  total, the last being September 21, 1993 and that was

23  for the physical altercation.  Certainly encourage you

24  no more struggles with you wife.  That one's

25  **BILL KHAN    D-48865   DECISION PAGE 3    6/4/2007**

1   sufficiently behind you.  Just for the sake of a C.O.

2   having a bad day that could have gone either way, it

3   could have been rounded up as a 115 because of the

4   potential of impacting safety and security of the

5   organization.  We also noted and considered, though it

6   wasn't read into the record during the hearing, but we

7   did note and consider the 128 that was prepared by

8   Sergeant Waskow, W-A-S-K-O, dated 5/21/07, a very

9   complimentary 128.  The psychological report that was

10  done March 27, 2007 by Dr. Thacker, it's a favorable

11  report in that the doctor assigns a low level of risk.

12  And for the record, I'll note that the report was done

13  utilizing the new format, so you were a recipient of

14  the new format.  The parole plans, the Panel noted that

15  you do have the offer of the housing with your wife in

16  Morgan Hill, she has an apartment waiting for you.  We

17  also did note that in addition to you employable,

18  marketable skills that you do have the employment offer

19  from the firm in Salinas. The concerns on your parole

20  plan and in general, the thing that -- this is where

21  I'll ask you just take a look at the transcript,

22  because we went to some great lengths to share with you

23  some of our concerns.  And principally the concern we

24  have is that you do represent a unpredictable future

25  **BILL KHAN    D-48865   DECISION PAGE 4     6/4/2007**

45

1   and that's based on first of all spending your entire

2   life in prison.  You've never lived in a positive

3   relationship from the best we've been able to

4   understand, you've developed some, what I would

5   describe as some very good associates in here and

6   people who have mentored you and some elders that have

7   taken you in, but in respect to what we would describe

8   as a normal living relationship, you haven't had the

9   benefit of that.  You'd be moving in with your wife

10  after never living with her or any other women to best

11  of the Panel's experience.  You've got no experience in

12  the day-to-day relationship challenges that are

13  certainly going to be a factor.  Because your wife

14  essentially has been living on her own just as you've

15  been living on your own.  So you're going to merge

16  these two lives together and I can assure you in the

17  best of times there's always going to be disagreements.

18  And the other thing that is of concern to the Panel is

19  that you don't have a independent support system for

20  yourself, and we're speaking about someone for you.

21  You certainly have your wife, you certainly have her

22  family friends.  But we would feel certainly more

23  comfortable if there was some kind of a back-up plan

24  for you.  For that time that you wind up having some

25  **BILL KHAN   D-48865  DECISION PAGE 5    6/4/2007**

46

1  sort of a minor skirmish, albeit verbal, we will leave
2  it at that level, where you decide it's the best thing
3  for you to walk away for a little while, you walk
4  outside the apartment we'd feel more comfortable and
5  confident if there were something that we -- you could
6  rely on, excuse me.  That all being said, our remedy
7  for you and what we're going to encourage you to do to
8  address this issue is certainly explore any and all
9  transitional options.  If those are available to you
10  from a Native American resource, which I cannot imagine
11  that they wouldn't be because there have been such
12  significant difficulties on a lot of the reservations.
13  And I'm not speaking now about the casino reservations
14  where things are actually pretty darned good.  I'm
15  talking about some of the impoverished tribes in
16  Northern California where they still don't have
17  electricity and they still don't have running water.
18  So under those circumstances they're still dealing with
19  significant issues of alcoholism, family disputes, and
20  things that are a product of that.  So what we are
21  trying to do is get rid of all of the issues that
22  potentially could get in the way to make you a more
23  suitable candidate.  We're not doing this, this is not
24  mean-spirited, it's only to give the Panel that sees
25  **BILL KHAN   D-48865  DECISION PAGE 6    6/4/2007**

1  you next a higher level of confidence that these issues

2  have been addressed.  The 3042 notices resulted in a

3  response from a representative from the Sacramento

4  County District Attorney's Office indicating the

5  opposition to the granting of parole.  We certainly

6  want to commend you for your excellent work reports,

7  there's just no doubt in our mind that you've developed

8  a good, solid reputation in the area of doing your work

9  reports.  However, this positive aspect of your

10  behavior doesn't outweigh the factors of unsuitability.

11  And in a separate decision hearing Panel finds it's not

12  reasonable to expect that parole will be granted in a

13  hearing in the following two years.  And our specific

14  reasons for this finding are in the separate decision

15  we noted, that you committed the offense in an

16  especially cruel manner, that you pled guilty to the

17  murder of Michael Parks, a 29 year-old transient, this

18  occurring on December 24, 1984.  Again, in the separate

19  decision the Panel noted that the offense was carried

20  out in a very dispassionate manner and that there had

21  been discussions about the killing of someone.  Whether

22  you were a participant in that is unknown, but the

23  indication was that Mr. Parks passed by, didn't

24  represent any particular kind of threat, was shot once

25  **BILL KHAN    D-48865   DECISION PAGE 7    6/4/2007**

1    by a crime partner and then shot again by you as he was

2    on the ground.  Again, there was some indication that

3    he may have been alive when the second shot was fired.

4    The Panel, again, in the separate decision noted that

5    the offense was carried in a manner that demonstrated

6    an exceptionally callous disregard for human suffering.

7    Again we have a victim on the levee that was no threat,

8    was shot twice, died as a result of the injuries.

9    Again, we noted in the second decision, that the motive

10    was inexplicable.  And also we noted that you haven't

11    completed the necessary programming that's going to be

12    essential to your adjustment and you need additional

13    time to gain such programming in that you failed to

14    participate in AA or NA, whichever self-help program

15    seems of most value.  And again, we told you previously

16    with the record of substance abuse, it's going to

17    require a long, sustained participation.  And I want to

18    encourage you to make it a meaningful, lots of times

19    people can come in and they can parrot the 12 steps to

20    us, but when we ask them, 'Well what do they mean to

21    you?'   It kind of falls on deaf ears, they don't know,

22    and I'd get more out of someone telling me, 'I don't

23    know them by heart, but I can talk to you about any one

24    of them.'  We are certainly going to recommend that you

25    **BILL KHAN    D-48865  DECISION PAGE 8    6/4/2007**

1   remain disciplinary free and to the extent of the

2   programs available, participate in the self-help.

3   There's two other areas that I'm also going to submit

4   to you for your consideration and these will be in the

5   transcripts, so you can pick them up at that point.

6   The first would be to develop a two-year plan for when

7   you get out.  You went in young enough, you're not

8   going to spend the rest of your life here.  I don't

9   know when you're going to get out but I'm not going to

10   expect that you're going to be here the rest of your

11   life, so if you've got any of those thoughts I think

12   you could erase those.  But develop a two-year plan.

13   What do you want to do the first month?  What do you

14   want to do the second month?  There's so many things

15   that you haven't done, and probably I think the

16   temptation is you're going to want to do them all

17   quickly but you can't do that, so develop a plan

18   between you and your wife.  What are the most important

19   things that you want to do? The other I'd encourage you

20   to do is give some thought to doing a closing

21   statement, and do it in the peace and security of an

22   environment not in this room.  This room is very

23   stressful, you're probably very nervous.  And all of a

24   sudden for us to turn around and say, 'This is your

25   **BILL KHAN    D-48865  DECISION PAGE 9    6/4/2007**

50

1   opportunity to talk to us about why you think you're

2   suitable for parole,' that happens very quickly.  It's

3   acceptable to all the commissioners if you want to come

4   in and say, 'I prepared a statement, can I read it?'

5   And that gives you a chance to do it where you're

6   controlling the environment.  And I'd encourage you to

7   consider doing that.  Commissioner, anything additional

8   this afternoon?

9          **DEPUTY COMMISSIONER SHIELDS:**  No, I'd just add

10  good luck to you sir.

11         **PRESIDING COMMISSIONER GARNER:**  Mr. Khan, we do

12  wish you the best, and do read the transcript.  I think

13  we've provided some information that would be of value

14  for you to consider.  You're not obligated to do it.

15  We're presenting these for your consideration and we do

16  wish you the best of luck.  It's approximately 3:10

17  p.m. and that does conclude this hearing.

18                  **A D J O U R N M E N T**

19                       --o0o--

20

21  **PAROLE DENIED TWO YEARS**

22  **THIS DECISION WILL BE FINAL ON:** _OCT 0 2 2007_

23  **YOU WILL BE PROMPTLY NOTIFIED IF, PRIOR TO THAT**

24  **DATE THE DECISION IS MODIFIED**

25  **BILL KHAN    D-48865    DECISION PAGE 10    6/4/2007**

51

## CERTIFICATE AND

## DECLARATION OF TRANSCRIBER

I, BETH LEWIS, a duly designated transcriber, NORTHERN CALIFORNIA COURT REPORTERS, do hereby declare and certify under penalty of perjury that I have transcribed one audio file and cover a total of pages numbered 1 through 50, and which recording was duly recorded at CORRECTIONAL TRAINING FACILITY, SOLEDAD, CALIFORNIA, in the matter of the SUBSEQUET PAROLE CONSIDERATION HEARING BILL KHAN, CDC No. D-48865, on JUNE 4, 2007, and that the foregoing pages constitute a true, complete, and accurate transcription of the aforementioned audio file to the best of my ability.

I hereby certify that I am a disinterested party in the above-captioned matter and have no interest in the outcome of the hearing.

Dated AUGUST 1, 2007 at Sacramento County, California.

Beth Lewis Transcriber

**Northern California Court Reporters**

E X H I B I T


" E X H A U S T E D    S T A T E    R E M E D I E S "

Court of Appeal, Third Appellate District - No. C058119
**S161383**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re BILL KHAN on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED

APR 3 0 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**
Chief Justice

S161383

1  BILL KHAN, D-48865
   CORRECTIONAL TRAINING FACILITY
2  P.O. BOX 689 / ED-14 L
   SOLEDAD, CA  93960-0689

3

4  Petitioner In Pro Per

**SUPREME COURT**
**FILED**

MAR 0 3 2007

Frederick K. Ohlrich Clerk

Deputy

8              IN THE SUPREME COURT OF

9             OF THE STATE OF CALIFORNIA

10

11  In re:                    )    Case No. S161383
                              )
12        BILL KHAN,          )    PETITION FOR REVIEW
                              )
13             Petitioner,    )    (Superior Ct. No. 07F11408
                              )    (Court of Appeal #C058119
14     On Habeas Corpus.      )
    ——————————————————————————)

15

16

17

18

19

20

21

22

23

24

RECEIVED

MAR 0 3 2008

CLERK SUPREME COURT

IN THE

# Court of Appeal of the State of California

**IN AND FOR THE**

## THIRD APPELLATE DISTRICT

# FILED

FEB 2 1 2008

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

BY_____ Deputy

In re BILL KHAN on Habeas Corpus.

C058119
County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated:  February 21, 2008

SIMS, Acting P.J.

----------------------------------

cc: See Mailing List

## COURT OF APPEAL, THIRD APPELLATE DISTRICT

Criminal   C058119

In re BILL KHAN on Habeas Corpus.

Judge:
Nature of Action:  hc          Habeas corpus

### ATTORNEY - LITIGANTS

In propria persona

     Petitioner
     Bill Khan
     D-48865
     Correctional Training Facility
     P.O. Box 689
     Soledad, CA  93960

Office of the State Attorney General (Bar No. SAGSAC-01)
P.O. Box 944255
Sacramento, CA  94244

     Respondent
     The People

### DOCKET EVENTS

02/14/2008
Petition for a writ of habeas corpus filed.
(ns)

(PETITIONER'S COPY)                                                    MC-275

Name    BILL KHAN

Address    COORECTIONAL TRAINING FACILITY

P.O. BOX 689 / ED-14 L

SOLEDAD, CA  93960-0689                    F I L E D

CDC or ID Number    D-48865                              FEB 14 2008

                                            COURT OF APPEAL THIRD DISTRICT
                                                 DEENA C. FAWCETT
                                                                    deputy
          COURT OF APPEAL OF THE STATE OF CALIFORNIA    BY

       IN AND FOR THE THIRD APPELLATE DISTRICT
                         (Court)

| |
|---|
| BILL KHAN, |
| Petitioner |
| vs. |
| BEN CURRY, WARDEN, CTF-SOLEDAD, |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. C058119
_(To be supplied by the Clerk of the Court)_
SUPERIOR COURT NO. #07F11408

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form _before_ answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form          **PETITION FOR WRIT OF HABEAS CORPUS**     WEST
                                                                          GROUP
                                                    Penal Code, § 1473 et seq.;
                                                    Cal. Rules of Court, rules 56.5, 201(h)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | | | | | | |
|---|---|---|---|---|---|---|
| DATE/TIME | : | JANUARY 9, 2008 | | DEPT. NO | : | 41 |
| JUDGE | : | EMILY E. VASQUEZ | | CLERK | : | E. GONZALEZ |
| REPORTER | : | NONE | | BAILIFF | : | NONE |

IN RE: BILL KHAN

Case No.: 07F11408

**Nature of Proceedings:  PETITION FOR WRIT OF HABEAS CORPUS – <u>ORDER</u>**

The petition for writ of habeas corpus has been filed and considered. It is DENIED.

Petitioner contends that the Board of Parole Hearings ("BPH") violated his rights when it found him unsuitable for parole at his fourth parole consideration hearing on June 4, 2007.  Petitioner contends that there is no evidence supporting the BPH's unsuitability finding.  He also contends that the BPH's standards and criteria used to determine parole suitability in the California Code of Regulations are unconstitutionally vague and that if the Court independently reviewed his suitability, he would be found suitable for parole.

Judicial review of the BPH's parole decisions is limited.  "[T]he court may inquire only whether some evidence in the record before the BPH supports the decision to deny parole, based upon the factors specified by statute and regulation."  (<u>In re Rosenkrantz</u> (2002) 29 Cal.4th 616, 625-626.)  "Only a modicum of evidence is required.  Resolution of any conflicts in the evidence and the weight to be given the evidence are matters within the authority of the [BPH]…[T]he precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the [BPH], but the decision must reflect an individualized consideration of the specified criteria and cannot be arbitrary or capricious.  It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole.  As long as the [BPH's] decision reflects due consideration of the specified factors as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the [BPH's] decision."  (<u>Id</u>., p. 677.)  Even if some of the BPH's reasons for denial are not

| | | | |
|---|---|---|---|
| BOOK | : | 41 | |
| PAGE | : | | |
| DATE | : | JANUARY 9, 2008 | |
| CASE NO. | : | 07F11048 | |
| CASE TITLE | : | IN RE: BILL KHAN | |

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

BY:  E. GONZALEZ,
Deputy Clerk

Page 1 of 5

CASE NUMBER: 07F11408                                              DEPARTMENT: 41
CASE TITLE:   IN RE:  BILL KHAN
PROCEEDINGS: PETITION FOR WRIT OF HABEAS CORPUS – ORDER

supported by the evidence, so long as the reasons that are supported by
some evidence constitute a sufficient basis for the BPH's decision, the
decision satisfies the requirements of due process.  (Ibid.; see also In re
Weider (2006) 145 Cal.App.4th 570, 584-585.)

      "The nature of the prisoner's offense, alone, can constitute a
sufficient basis for denying parole…Although the parole authority is
prohibited from adopting a blanket rule that automatically excludes parole
for individuals who have been convicted of a particular type of offense,
the authority properly may weigh heavily the degree of violence used and
the amount of viciousness shown by a defendant…"  (Rosenkrantz, supra, at
682.)
      "In some circumstances, a denial of parole based upon the nature of
the offense alone might rise to the level of a due process violation—for
example, where no circumstances of the offense reasonably could be
considered more aggravated or violent that the minimum necessary to sustain
a conviction for that offense.  Denial of parole under these circumstances
would be inconsistent with the statutory requirement that a parole date
normally shall be set in a manner that will provide uniform terms for
offenses of similar gravity and magnitude in respect to their threat to the
public…Therefore, a life term offense or any other offenses underlying an
indeterminate sentence must be particularly egregious to justify the denial
of a parole date."  (Id., at 682-683.)  The BPH may emphasize certain
circumstances of an inmate's offense, as well as his post-offense conduct,
that involve particularly egregious acts "beyond the minimum necessary" to
sustain a conviction for second degree murder.  (IbId. at p. 682-683.)

      I.   There Was "Some Evidence" Supporting the BPH's Decision

      In finding Petitioner unsuitable for parole, the BPH found that
Petitioner's crime was carried out "dispassionately," in that there were
discussions about killing somebody beforehand, and in an "especially cruel
and callous manner."  The BPH also found that the offense was carried out
in a manner that demonstrates an exceptionally callous disregard for human
suffering because the victim was shot in the head while on the ground and
while the victim may still have been alive.  The BPH also found that the
motive was inexplicable in that there was essentially no reason for
shooting the victim in the head.  There was "some evidence" for all of
these findings.  Also, the BPH found that Petitioner had not sufficiently
participated in beneficial self-help for his substance use prior to and
during the commission of the commitment offense.  There was "some evidence"
that Petitioner had only minimally participated in AA and NA.  Yet, as

| | | |
|---|---|---|
| BOOK | : | 41 |
| PAGE | : | |
| DATE | : | JANUARY 9, 2008 |
| CASE NO. | : | 07F11408 |
| CASE TITLE | : | IN RE:  BILL KHAN |

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

BY:   E. GONZALEZ
      Deputy Clerk

                    Page 2 of 5

DEPARTMENT: 41

CASE NUMBER: 07F11408
CASE TITLE: IN RE: BILL KHAN
PROCEEDINGS: PETITION FOR WRIT OF HABEAS CORPUS - ORDER

indicated in the psychological report, Petitioner had been sniffing paint and using marijuana on the day of the commitment offense. The report also noted that Petitioner indicated that the use of paint and marijuana may have influenced his behavior that day. Taking all of these into account, there was "some evidence" supporting the BPH's decision that Petitioner was unsuitable for parole and that his release would pose an unreasonable risk of danger if released.

Both California and federal cases have expressed concern that if an inmate continues to demonstrate exemplary behavior and evidence of rehabilitation, there may reach some point in time that denying parole based solely on the commitment offense may raise serious due process concerns. (See, e.g., Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, 916.) Though, as mentioned above, "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole…Although the parole authority is prohibited from adopting a blanket rule that automatically excludes parole for individuals who have been convicted of a particular type of offense, the authority properly may weigh heavily the degree of violence used and the amount of viciousness shown by a defendant…" (Rosenkrantz, supra, at 682.) In this case, Petitioner has spent almost 20 years in prison on a 17 years to life sentence for second degree murder. This was his fourth parole consideration hearing. It does not appear that Petitioner has yet served so long a period of time in prison that denying parole based solely on the commitment offense at his fourth parole consideration hearing raises any serious due process concern at this time. In addition, the applicability of this line of authority is questionable because parole was not solely denied on the basis of the commitment offense. Rather it was denied on the basis of the gravity of the commitment offense, and the fact that the BPH felt that Petitioner had not sufficiently participated in beneficial self-help for his substance use prior to and during the commission of the commitment offense. Petitioner failed to show any Due Process violation.

The Court will not second guess the BPH's finding that Petitioner posed an unreasonable risk to society if released on parole. It is irrelevant what this Court may think of Petitioner's suitability. "As long as the [BPH's] decision reflects due consideration of the specific factors as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the [BPH's] decision." (Rosenkrantz, supra, 29 Cal.4th at 677.)

| | | | |
|---|---|---|---|
| BOOK | : | 41 | |
| PAGE | : | | |
| DATE | : | JANUARY 9, 2008 | |
| CASE NO. | : | 07F11408 | |
| CASE TITLE | : | IN RE: BILL KHAN | |

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

BY: E. GONZALEZ,
Deputy Clerk

Page 3 of 5

CASE NUMBER: 07F11408                                    DEPARTMENT: 41
CASE TITLE:  IN RE:  BILL KHAN
PROCEEDINGS: PETITION FOR WRIT OF HABEAS CORPUS - ORDER

     As a result, Petitioner's claim that the BPH improperly found him
unsuitable for parole is denied.  There was "some evidence" to support the
BPH's reasons for denying parole and "some evidence" that Petitioner's
release would unreasonably endanger public safety.

II.  <u>The BPH's Standards Are Not Unconstitutionally Vague</u>

     Finally, the Court does not find that the BPH's standards and criteria
used to determine parole suitability in the California Code of Regulations
are unconstitutionally vague.  Petitioner argues that Title 15, § 2402 has
no controls or limitations.  It appears that Petitioner is referring to the
section's reference in subdivision (c)(1) to an offense being committed in
an "especially heinous, atrocious, or cruel manner."


     However, that section provides clear limits on when an offense was
committed in an "especially heinous, atrocious, or cruel manner."  The
limits are expressly set out in subdivisions (c)(1)(A) - (c)(1)(E).  This
claim is denied.


DATED: January 9, 2008          _Emily E. Vasquez_____
                                Honorable Emily E. Vasquez
                                Judge of the Superior Court of California,
                                County of Sacramento

Certificate of Service by Mailing attached.




BOOK        : 41                SUPERIOR COURT OF CALIFORNIA,
PAGE        :                   COUNTY OF SACRAMENTO
DATE        : JANUARY 9, 2008
CASE NO.    : 07F11408
CASE TITLE  : IN RE:  BILL KHAN    BY: _E. GONZALEZ,_____
                                      Deputy Clerk

CASE NUMBER: 07F11408                                    DEPARTMENT: 41
CASE TITLE:  IN RE:  BILL KHAN
PROCEEDINGS: PETITION FOR WRIT OF HABEAS CORPUS - <u>ORDER</u>

<u>CERTIFICATE OF SERVICE BY MAILING</u>
<u>C.C.P. Sec. 1013a(3))</u>

    I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, do declare under penalty of perjury that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the United States Post Office at Sacramento, California.


       Bill Khan
       CDC# D-48865, ED-14 L
       P.O.Box 689
       Soledad, ca  93960-0689


    Dated: January /0, 2008      Superior Court of California,
                             County of Sacramento

                             By:  E. GONZALEZ,
                                 Deputy Clerk


BOOK     :  41                 SUPERIOR COURT OF CALIFORNIA,
PAGE     :                     COUNTY OF SACRAMENTO
DATE     :  JANUARY 9, 2008
CASE NO.  :  07F11408
CASE TITLE :  IN RE:  BILL KHAN      BY:  E. GONZALEZ,
                                      Deputy Clerk

PETITIONERS COPY

Name BILL KHAN

Address CORRECTIONAL TRAINING FACILITY

P.O. BOX 689 / ED-14 L

SOLEDAD, CA 93960-0689

CDC or ID Number D-48865

MC-275



FILED/ENDORSED

NOV 2 9 2007

SACRAMENTO SUPERIOR COURT

BY:

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

*(Court)*

---

BILL KHAN,

Petitioner

vs.

BEN CURRY, WARDEN, CTF-SOLEDAD,

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. *07F11408*

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

**Page one of six**

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

**PETITION FOR WRIT OF HABEAS CORPUS** ◆ WEST GROUP

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)