IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILL OLIVER KHAN, | ) | No. C 08-02779 JW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, an inmate at California Training Facility in Soledad proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings("BPH") to deny petitioner parole. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner pleaded guilty in January 1985 to second degree murder in Sacramento County Superior Court and was sentenced to a term of seventeen years-to-life in state prison. On June 4, 2007, the BPH found petitioner unsuitable for parole after his fourth parole consideration hearing. Petitioner challenged the BPH's decision and filed habeas petitions in the state courts. The California Supreme Court denied the petition on April 30, 2008. Petitioner filed the instant federal petition on June 4, 2008.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

Petitioner seeks federal habeas corpus relief from the BPH's June 4, 2007 decision finding him not suitable for parole on the following grounds: 1) the BPH violated due process by denying petitioner parole with no evidence that petitioner's release would unreasonably endanger public safety; and 2) the state superior court violated due process when it unreasonably applied the "some evidence" standard in concluding the BPH's denial was justified. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent. See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

1.     The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the petitioner.

2.     Respondent shall file with the Court and serve on petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

1 | the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
2 | should not be granted.  Respondent shall file with the answer and serve on petitioner a
3 | copy of all portions of the state parole record that have been transcribed previously and
4 | that are relevant to a determination of the issues presented by the petition.

5 |      If petitioner wishes to respond to the answer, he shall do so by filing a traverse
6 | with the Court and serving it on respondent **within thirty (30) days** of his receipt of the
7 | answer.

8 |      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
9 | an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10 | Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file
11 | with the Court and serve on respondent an opposition or statement of non-opposition
12 | **within thirty (30) days** of receipt of the motion, and respondent shall file with the court
13 | and serve on petitioner a reply **within fifteen (15) days** of receipt of any opposition.

14 |      4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
15 | that all communications with the Court must be served on respondent by mailing a true
16 | copy of the document to respondent's counsel.  Petitioner must keep the Court and all
17 | parties informed of any change of address by filing a separate paper captioned "Notice of
18 | Change of Address."  He must comply with the Court's orders in a timely fashion.
19 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
20 | to Federal Rule of Civil Procedure 41(b).

21 |
22 | DATED: __November 24, 2008__                       */s/ James Ware*
23 |                                                        JAMES WARE
                                                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BILL OLIVER KHAN,

        Petitioner,

v.

BEN CURRY, et al.,

        Respondent.

Case Number: CV08-02779 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/25/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bill Oliver Khan D-48865
CTF Soledad
P. O. Box 689
Soledad, Ca 93960-0686

Dated: 11/25/2008

                Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk