IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL OLIVER KHAN,<br><br>           Petitioner,<br>  vs.<br><br>JOE SOLIS, Warden,<br><br>           Respondent. | No. C 08-02779 JW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY AS UNNECESSARY |

Petitioner, a California prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision of the California Board of Parole Hearings ("Board") finding petitioner unsuitable for parole. The Court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer, and petitioner filed a traverse.

**PROCEDURAL BACKGROUND**

On January 22, 1985, petitioner was convicted of second degree murder and sentenced to seventeen years-to-life. On June 4, 2007, petitioner was denied parole by the Board for a fourth time. Petitioner filed a habeas petition in the state superior court, which denied the petition in a reasoned opinion on January 9, 2008. Thereafter, petitioner

filed a petition in the California Court of Appeal, which issued a summary denial on February 21, 2008. Petitioner filed a petition for review with the California Supreme Court, which summarily denied review on April 30, 2008. Petitioner filed the instant federal petition on June 4, 2008.

## FACTUAL BACKGROUND

A. <u>The Commitment Offense</u>

The following summary of facts is taken from a report prepared by Correctional Counselor J. Palmer and read into the transcript of the Board hearing:

> On December 4, 1984 at approximately 1:00 a.m. officers responded to the levee on the East side of the Sacramento River directly beneath the Pioneer bridge. They discovered the body of a 20 year-old man, Michael Parks, a transient killed by shotgun wounds to the head. Further investigation led to the [petitioner] being arrested on January 22, 1985 and subsequently charged with murder second. The 15 year-old co-defendant, Raul Hyce, was charged with murder first. According to the statements made during the investigation, [petitioner], his co-defendant, and two other teenagers had gone out to the levee to shoot rabbits on December 24, shortly before noon. Raul Hyce was carrying a shingle shot .22 caliber rifle, which belonged to Khan. Some 15 minutes before arriving to the levee, Khan and Raul Hyce began talking about killing people and Hyce was musing about how it felt to actually kill someone. At this point the victim walked by. As he was walking away from them, Raul Hyce pointed a weapon at him and the other two teenagers fled. When the victim was approximately 30 feet away Raul Hyce shot him in the back of the head and he fell. Raul Hyce then handed the rifle to Khan, who reloaded it. The two ran to the victim to see if he was dead.

(Resp. Ex. 1, Ex. D ("Tr.") at 7-9.) The Board added that the offense report indicated that after the first shot, the victim was not dead yet and petitioner then shot the victim in the head. (<u>Id.</u> at 9.)

B. <u>Parole Suitability Hearing</u>

On June 4, 2007, petitioner appeared with counsel before the Board for his fourth parole suitability hearing. The Board first reviewed petitioner's pre-commitment record and described his childhood as unstable because petitioner had been bounced from his mother's house to his father's house and had never been close with his immediate family members. (<u>Id.</u> at 10-11, 13.) Petitioner had no criminal history, in part because he was

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.JW\HC.08\Khan2779_denyHC-parole.wpd

2

1  convicted of the instant offense as a juvenile and has been incarcerated during his entire
2  adult life thus far. (Id. at 10.) Petitioner had also engaged in alcohol and marijuana
3  since he was a child. (Id. at 12.) The Board also noted that petitioner had post-
4  commitment plans to reside with his wife and had several employment opportunities if
5  released on parole. (Id. at 14-17.) The Board summarized letters of support for
6  petitioner's release. (Id. at 17-20.) The Board further considered several laudatory
7  evaluations related to petitioner's work skills, work-ethic, and efforts at self-help
8  programs. (Id. at 20-24.) The Board recognized that petitioner incurred eight 128(a)'s,
9  the most recent in 2001, and five 115s. (Id. at 24.) In addition, the Board noted that
10 petitioner's 2007 psychological report was favorable. (Id. at 24-26.) The Board heard
11 closing statements from the Deputy District Attorney opposing parole, from counsel for
12 petitioner in favor of parole, and from petitioner himself explaining his parole suitability.
13 (Id. at 33-34.) The Board then took a recess before rendering its decision finding
14 petitioner unsuitable for parole. (Id. at 41-50.)

## DISCUSSION

### A.     Standard of Review

Because this case involves a federal habeas corpus challenge to a state parole eligibility decision, the applicable standard is contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir. 2002). Under AEDPA, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

Where, as here, the highest state court to reach the merits issued a summary opinion which does not explain the rationale of its decision, federal court review under section 2254(d) is of the last state court opinion to reach the merits. <u>Bains v. Cambra</u>, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of petitioner's claim is the opinion of Sacramento County Superior Court.

**B.      Analysis of Legal Claims**

Petitioner claims that he was denied due process because the Board's decision finding him unsuitable for parole relied solely on the commitment offense and was not supported by "some evidence" that he would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. Respondent argues that California inmates do not have a federally protected liberty interest in parole release.

The Ninth Circuit has held that California prisoners have a constitutionally protected liberty interest in release on parole, and therefore they cannot be denied a parole date without adequate procedural protections necessary to satisfy due process. See <u>Irons v. Carey</u>, 505 F.3d 846, 850 (9th Cir. 2007). The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." <u>Sass v. California Bd. of Prison Terms</u>, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in <u>Superintendent v. Hill</u>, 472 U.S. 445, 454-55 (1985)). The "some evidence" standard identified in <u>Hill</u> is clearly established federal law in the parole context for AEDPA purposes. <u>Sass</u>, 461 F.3d at 1128-29. Additionally, the evidence underlying the board's decision must have some indicia of reliability. <u>McQuillion</u>, 306 F.3d at 904; <u>Jancsek v. Oregon Bd. of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987). Accordingly, if the Board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232 (9th Cir. 2005); <u>McQuillion</u>, 306 F.3d at 904.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.JW\HC.08\Khan2779_denyHC-parole.wpd

4

Recently, the Ninth Circuit reheard en banc the panel decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2007), <u>reh'g en banc granted</u>, 527 F.3d 797 (9th Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The panel had concluded that the gravity of the commitment offense had no predictive value regarding the petitioner's suitability for parole and held that because the Governor's reversal of parole was not supported by some evidence, it resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit has not yet issued an en banc decision in <u>Hayward</u>. Unless or until the en banc court rules otherwise, the holdings in <u>Biggs v. Terhune</u>, 334 F.3d 910, 916 (9th Cir. 2003), <u>Sass</u>, and <u>Irons</u> are still the law in this circuit.

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court's analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. <u>Irons</u>, 505 F.3d at 850. Accordingly, in California, the court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision constituted an unreasonable application of the "some evidence" principle. <u>Id.</u> California law provides that a parole date is to be granted unless it is determined "that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration . . . ." Cal. Penal Code § 3041(b). The California Code of Regulations sets out the factors showing suitability or unsuitability for parole that the Board is required to consider. <u>See</u> 15 Cal. Code Regs. tit. 15 § 2402(b). These include "[a]ll relevant, reliable information available," such as:

> . . . the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the

> prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in finding of unsuitability.

Id.

Circumstances tending to show unsuitability for parole include the nature of the commitment offense and whether "[t]he prisoner committed the offense in an especially heinous, atrocious or cruel manner." Id. at § 2402(c). This includes consideration of whether "[t]he offense was carried out in a dispassionate and calculated manner," whether the victim was "abused, defiled or mutilated during or after the offense," whether "[t]he offense was carried out in a manner which demonstrated an exceptionally callous disregard for human suffering," and whether "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." Id. Other circumstances tending to show unsuitability for parole are a previous record of violence, an unstable social history, previous sadistic sexual offenses, a history of severe mental health problems related to the offense, and serious misconduct in prison or jail. Id.

Conversely, circumstances tending to support a finding of suitability for parole include: no juvenile record; a stable social history; signs of remorse; that the crime was committed as a result of significant stress in the prisoner's life; a lack of criminal history; a reduced possibility of recidivism due to the prisoner's present age; that the prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release; and that the prisoner's institutional activities indicate an enhanced ability to function within the law upon release. See id. at § 2402(d).

In making its determination in this case, the Board analyzed numerous factors weighing for and against suitability for parole. The Board began by reviewing the commitment offense and determined that the offense was particularly cruel and callous with an inexplicable motive. (Tr. at 41-42.) The Board reviewed the factual scenario, reiterating that petitioner and his co-defendant shot and killed the victim for no apparent reason first by the co-defendant, and then again, while the victim was lying on the

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.JW\HC.08\Khan2779_denyHC-parole.wpd

6

1 ground, by petitioner. (Id. at 42.)

2 The Board noted that petitioner's unstable childhood and lack of participation in beneficial self-help programs were factors in petitioner's suitability for parole. (Id. at 43.) The Board expressed concern that petitioner only recently began attending a substance abuse program even though it was acknowledged that he has had a long history with substance abuse prior to and during the commission of the offense. (Id.) With regard to petitioner's disciplinary history, the Board observed that petitioner's last 128(a) was in 2001 for struggling with his wife during a visit. (Id. at 43.) The Board commended petitioner for his excellent work reports. (Id. at 47.) However, the Board commented on petitioner's recent participation in Alcoholics Anonymous and, in light of petitioner's substance abuse history and the role that it played in the underlying offense, the Board believed that petitioner needed to sustain his participation in that program or a similar program for a longer period of time to learn how to adjust and understand his behavior. (Id. at 48.)   The Board concluded that the factors tending to show suitability were outweighed by factors showing unsuitability and denied parole.

The superior court reviewed the Board's decision and found that there was some evidence supporting the Board's decision to find petitioner unsuitable for parole at this time. (Resp. Ex. 2.)  Specifically, the court noted that the Board properly determined that petitioner's crime was carried out in a dispassionate and callous manner and that petitioner's history of substance abuse warranted more participation in self-help for that issue. (Id. at 2-3.)

This court also concludes that the Board reasonably found that the circumstances of the offense was carried out in a dispassionate and callous manner. (Id. at 41-42.)  The victim did not act in a threatening manner when petitioner's co-defendant shot him in the back of the head, and then after the victim fell to the ground while he was possibly still alive, petitioner fired another shot into the victim's head. (Id. at 42.)  The Board's finding that motive was trivial compared to the seriousness of the crime was also reasonable.  It concluded that the motive was inexplicable because there appeared to be

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.JW\HC.08\Khan2779_denyHC-parole.wpd

7

no reason to shoot or kill the victim.  (Id.)  These facts alone amount to "some evidence" that petitioner would present an unreasonable threat to the public if released, but there was additional evidence in the record supporting the Board's parole denial as well.  For example, in light of the fact that petitioner's present crime was committed after he had smoked marijuana and sniffed paint, the Board's concern that petitioner needed additional programming to deal with his substance abuse prior to becoming eligible for parole is reasonable.

The record of the 2007 parole hearing demonstrates at least "some evidence" that petitioner would pose a risk of harm to society if released and that parole should be denied.  See Rosas, 428 F.3d at 1232–33 (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial).  The state court's rejection of petitioner's due process claim was neither contrary to nor an unreasonable application of the "some evidence" requirement of due process.  Moreover, contrary to petitioner's assertion, the concern expressed in Biggs is not triggered here because the Board did not deny parole solely because of the unchanging factor of the nature of petitioner's offense.  Cf. Rosas, 428 F.3d at 1232-33. Therefore, the state court's rejection of petitioner's due process claim was not contrary to or an unreasonable application of the "some evidence" standard.

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).  However, the Ninth Circuit has made clear that a state prisoner challenging the Board of Prison Terms' administrative decision to deny a request for parole need not obtain a certificate of appealability.  See Rosas, 428 F.3d at 1232.  Accordingly, any request for a COA is DENIED as unnecessary.

1
## CONCLUSION
2   For the reasons set forth above, the petition for a writ of habeas corpus is
3   DENIED on the merits and a COA is DENIED as unnecessary.
4
5   DATED:  March 25, 2010
6   *[signature]*
    JAMES WARE
    United States District Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.JW\HC.08\Khan2779_denyHC-parole.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BILL OLIVER KHAN,

        Petitioner,

  v.

JOE SOLIS, Warden,

        Respondent.

Case Number: CV08-02779 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/26/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bill Oliver Khan D-48865
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409

Dated: 3/26/2010

                Richard W. Wieking, Clerk
            /s/ By: Elizabeth Garcia, Deputy Clerk

Bill Oliver Khan D-48865
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409


CV08-02779 JW